UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

CHOYA TINSLEY,

         Plaintiff,

                                       Case No. 1:24-cv-4

v.

                                       Honorable Ray Kent

HEIDI WASHINGTON et al.,

         Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. This case was referred to the Pro Se Prisoner Civil Rights Litigation Early Mediation Program but failed to settle in mediation. (ECF No. 9.) Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 4.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros.,*

*Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Washington, King, Smith, Scrivens, Martin, Fager, Johnson, Inspector Page, Grievance Coordinator Page, Pilarski, Akins, Jacoutot, Clark, Russell, and Unknown Parties.

## Discussion

### I.   Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Earnest C. Brooks Correctional Facility, (LRF) in Muskegon Heights, Muskegon County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues MDOC Director Heidi Washington, Warden Chris King, Deputy Warden B. Smith, Assistant Deputy Wardens J. Scrivens and M. Martin, Administrative Assistant J. Fager, Inspectors F. Johnson and

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

T. Page, Grievance Coordinator T. Page, Captain Unknown Pilarski, Lieutenant Antion Akins, Sergeants Matthew Jacoutot and Unknown Clark, Corrections Officer Unknown Vela, Grievance Manager Richard D. Russell, and Unknown Parties named as any/all Unknown John and Jane Does.

Plaintiff's complaint is largely conclusory and fails to allege any facts with regard to the majority of the named Defendants. Plaintiff asserts that he filed grievances but does not specify dates or details regarding those grievances. Plaintiff alleges that at some point, Defendant Vela called him a "rat" in front of other inmates, which resulted in him being bullied and called names. Plaintiff states that other inmates overheard him being called a "rat" and subjected him to abuse when he attempted to use the phone. Plaintiff asserts that these inmates also stole and/or took thousands of dollars of store or commissary from him under threat of physical violence. (ECF No. 1, PageID.6-7.)

Plaintiff subsequently filed a grievance and in the step II grievance appeal, he informed Defendant King of the bullying, to no avail. Plaintiff asked Prisoner Counselor Short (not a defendant) about requesting a transfer to another facility and was told to send a kite. Plaintiff complied but has not received a response. Plaintiff states that he "failed to inform PC Short about 'all' the 'problems' as Plaintiff Tinsley has been threatened by other inmates that: 'You will get f**ked up Bad!'" (*Id.*, PageID.7.)

Plaintiff appears to be claiming that Defendants retaliated against him in violation of the First Amendment and that their conduct placed him in jeopardy in violation of the Eighth Amendment. Plaintiff seeks damages and injunctive relief.

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*,

4

550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

**A. Defendants Washington, King, Smith, Scrivens, Martin, Fager, Johnson, Inspector Page, Grievance Coordinator Page, Pilarski, Akins, Jacoutot, Clark, Russell, and Unknown Parties**

Initially, the Court notes that Plaintiff fails to even mention Defendants Washington, Smith, Scrivens, Martin, Fager, Johnson, Inspector Page, Grievance Coordinator Page, Pilarski, Akins, Jacoutot, Clark, Russell, and Unknown Parties in the body of his complaint. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 545 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."). Plaintiff fails to even mention Defendants Washington, Smith, Scrivens, Martin, Fager, Johnson, Inspector Page, Grievance Coordinator Page, Pilarski, Akins, Jacoutot, Clark, Russell, and Unknown Parties in the

6

body of his complaint. His allegations fall far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

With regard to Defendant King, Plaintiff alleges that in response to his step II grievance appeal related to Defendant Vela's conduct, he informed Defendant King of the bullying, to no avail. In addition, Plaintiff attaches copies of his step I grievance on Defendant Vela[2] and the grievance appeals and responses to his complaint. The grievance record shows that, although Defendants Pilarski, King, Akins[3], Jacoutot, and Russell are not mentioned in the body of the complaint, they were involved in the review and/or investigation of Plaintiff's grievance and grievance appeals. (ECF No. 1-8.) To the extent that Plaintiff is asserting that Defendants Pilarski, King, Akins, Jacoutot, and Russell failed to adequately supervise their subordinates or respond to Plaintiff's grievances the Court notes that government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See*

---

[2] Also spelled as "Vella" by Plaintiff in his grievance.
[3] Spelled as Aikins in grievance record.

*Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff fails to allege any facts showing that Defendants Pilarski, King, Akins, Jacoutot, and Russell engaged in any conduct which violated his constitutional rights.

### B. Defendant Vela

#### 1. Retaliation

Plaintiff asserts that Defendant Vela retaliated against him in violation of the First Amendment. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff asserts that he engaged in protected conduct by filing unspecified grievances. (ECF No. 1, PageID.8.) Plaintiff does not specify dates or details regarding those grievances, but states that at some point, Defendant Vela called him a "rat" in front of other inmates, which resulted in him being bullied and called names. Plaintiff states that other inmates overheard him being called a "rat" and subjected him to abuse when he attempted to use the phone. Plaintiff asserts that these inmates also stole and/or took thousands of dollars of store or commissary from

him under threat of physical violence. (ECF No. 1, PageID.6-7.) Although Plaintiff's allegations regarding Defendant Vela are largely conclusory, he has alleged sufficient facts at this point in the litigation to avoid dismissal of his First Amendment retaliation claim against Defendant Vela.

### 2. Eighth Amendment

Plaintiff claims that Defendant Vela violated his Eighth Amendment rights when he called him a "rat" in front of other inmates. Plaintiff states that this resulted in him being bullied and called names by other inmates who stole and/or took thousands of dollars of store or commissary from him under threat of physical violence. (ECF No. 1, PageID.6-7.)

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). Prison officials' conduct that involves the "unnecessary and wanton infliction of pain" is thus unlawful. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). Inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Thus, prison staff are obliged "to take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984).

The Sixth Circuit has observed that identifying a prisoner as an informant or snitch may constitute deliberate indifference to the inmate's safety. *See Comstock v. McCrary*, 273 F.3d 693, 699 n.2 (6th Cir. 2001); *LaFountain v. Martin*, 334 F. App'x 738, 741 (6th Cir. 2009) (citing *Benefield v. McDowall*, 241 F.3d 1267, 1271 (10th Cir. 2001) (noting that "labeling an inmate a snitch satisfies the *Farmer* standard, and constitutes deliberate indifference to the safety of that inmate")). Under *Farmer*, to establish an Eighth Amendment failure-to-protect claim, a plaintiff

must establish that he reasonably fears an attack. 511 U.S. at 834; *see also Thompson v. County of Medina*, 29 F.3d 238, 242–43 (6th Cir. 1994) (noting that while the Sixth Circuit has held that a plaintiff asserting a personal safety claim need not demonstrate that he was actually attacked, he must establish that he reasonably feared such an attack).

As stated above, Plaintiff alleges that after inmates overheard Defendant Vela calling him a rat, inmates bullied him and called him names. Plaintiff also alleges that inmates stole and/or took thousands of dollars of store or commissary from him under threat of physical violence. (ECF No. 1, PageID.6-7.) The Court concludes that at this stage in the litigation, Plaintiff has alleged sufficient facts to avoid dismissal of his Eighth Amendment claim against Defendant Vela.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Washington, King, Smith, Scrivens, Martin, Fager, Johnson, Inspector Page, Grievance Coordinator Page, Pilarski, Akins, Jacoutot, Clark, Russell, and Unknown Parties will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's First Amendment retaliation and Eighth Amendment failure to protect claims against Defendant Vela remain in the case.

An order consistent with this opinion will be entered.

Dated:  October 24, 2024                    /s/ Ray Kent
                                            Ray Kent
                                            United States Magistrate Judge